IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-00353-10-CR-W-ODS |
| | ) | |
| LONNIE GOODRICH, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Lonnie Goodrich was charged, along with eleven other individuals, with conspiracy to distribute 50 grams or more of a mixture containing a detectable amount of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Counsel for defendant filed a Motion for Psychiatric Examination pursuant to 18 U.S.C. § 4241 asking that defendant undergo a psychiatric or psychological examination and that a report be filed with the Court concerning the defendant's mental ability to understand the proceedings presently pending against him and to properly assist in his defense. (Doc. # 288) On August 18, 2011, the Court held a hearing on the issue of defendant's competency. The parties stipulated to the Forensic Report prepared by David M. Szyhowski, Psy.D, and Jason Dana, Psy.D., of the Metropolitan Correction Center ("MCC") Chicago, Illinois. (Doc. # 346) At the conclusion of the hearing, the parties asked to continue the hearing in order to allow an opportunity for further investigation and /or testimony. (Doc. # 346[1])

---

[1]By the time of the hearing, the undersigned as well as counsel were aware that the defendant was refusing to take medication prescribed by doctors at MCC Chicago and that the psychiatrist seeing the defendant at Corrections Corporation of America ("CCA") recommended that the defendant undergo a further evaluation.

Following the hearing, the Court ordered that the defendant undergo a further psychiatric examination to be conducted by Dr. William Logan. (Doc. # 351) The Court then held a second hearing on the defendant's competency to stand trial. The parties again stipulated to the report from MCC Chicago as well as two reports prepared by Dr. Logan. The report from MCC Chicago concluded that:

> At the present time, Mr. Goodrich meets diagnostic criteria for malingering, substance dependence disorders, and antisocial personality disorder. However, he does not appear to be suffering from any severe mental disease or defect that has impacted his ability to understand the legal proceedings and to properly assist his counsel. These abilities do not appear to be compromised by any severe mental illness at this time and despite his feigned presentation of symptoms, he is likely to have sufficient capacity for competent involvement in the legal proceedings against him. He presently appears appropriate for continuation of criminal proceedings.

(Forensic Report at 11) Dr. Logan also concluded that Mr. Goodrich did not have a mental disease or defect that would cause him to be unable to understand the nature and consequences of the legal proceedings against him or be unable to assist in his defense. (Psychiatric Evaluation of September 19, 2011) However, Dr. Logan indicated that further information from MCC Chicago or Mr. Goodrich could modify or change his opinion. (Id.) After reviewing further records, Dr. Logan prepared an Addendum to his initial report. Although Dr. Logan disagreed with the diagnosis of malingering reached by doctors at MCC Chicago, his consideration of additional information did not alter any of the opinions expressed in his original report concerning defendant's competency to proceed to trial. (Addendum to Forensic Report at 3) Based upon the information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Lonnie Goodrich is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceedings against him or assisting in his defense and that he is competent to

stand trial.

Counsel are reminded they have fourteen days from the date of this Report and Recommendation within which to file and serve objections. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on grounds of plain error or manifest injustice.

/s/ Sarah W. Hays  
SARAH W. HAYS  
UNITED STATES MAGISTRATE JUDGE