IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-00353-10-CR-W-ODS |
| ) | |
| LONNIE GOODRICH, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on the following pro se pleadings filed by defendant Goodrich:

1. Judicial Notice By Way of Affidavit to Suppress Evidence (doc #382);

2. Judicial Notice By Way of Affidavit to Suppress Evidence Obtained From Search and Seizure (doc #383);

3. Judicial Notice By Way of Affidavit to Suppress Evidence Obtained From Search and Seizure (doc #389); and

4. Judicial Notice By Way of Affidavit to Suppress Evidence (doc #390).

For the reasons set forth below, it is recommended that these pleadings be denied.

I. INTRODUCTION

On March 3, 2010, a superseding indictment was filed against defendants Charles D. Davis, Jamar A. Johnson, Delvon M. Atkinson, Kalin Lenoir, Dwayne Guy, Craig K. Sowell, Jr., Carlos Goforth, Christopher T. Eubanks, Christopher L. Jackson, Lonnie Goodrich, Domynick D. Hubbard and Gerome D. Guy. Defendant Goodrich is the only defendant remaining for trial. Defendant Goodrich is charged in Count One of the superseding indictment. Count One charges that between January 1, 2007 and September 28, 2009, all defendants conspired with each other and others to distribute more than fifty grams of cocaine base "crack," in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846.

Defendant Goodrich was examined for competency. On December 9, 2011, defendant was

found competent to stand trial. Defendant was granted leave to proceed pro se on January 6, 2012.

II. DISCUSSION

Defendant's pleadings give no indication as to what evidence defendant is seeking to suppress or even whether there has been a search of his person or premises. At a hearing held on January 25, 2012, dealing primarily with defendant's access to discovery, the Court asked defendant what evidence he was seeking to suppress through his motions to suppress and defendant replied, "All evidence." When asked to be specific, defendant again replied, "All evidence." Defendant did state that he wanted to know why officers came to his mother's house one day with a search warrant. Government counsel advised that a copy of this search warrant and supporting affidavit are in the discovery which is available for defendant to review.

Based on the pleadings before the Court, it appears that defendant believes a complaint should have been filed prior to the issuance of any search warrant. (Judicial Notice By Way of Affidavit to Suppress Evidence (doc #382) at 1; Judicial Notice By Way of Affidavit to Suppress Evidence (doc #390) at 1) Defendant relies on Rule 4 of the Federal Rules of Criminal Procedure for this argument. (Id.) However, Rule 4 deals with arrest warrants on a complaint, not search warrants. Rule 41 deals with the issuance of search warrants and does not require the filing of a complaint. Rule 41 requires an affidavit in support of a warrant. A copy of the search warrant and supporting affidavit for the search referenced by defendant on January 25 have been provided to defendant.

In defendant's other pleadings, he raises the question of whether a defendant "may ... obtain a Reconsideration of his suppression document from [the] trial judge?" (Judicial Notice By Way of Affidavit to Suppress Evidence Obtained From Search and Seizure (doc #383) at 1; Judicial Notice By Way of Affidavit to Suppress Evidence Obtained From Search and Seizure (doc #389) at 1) Defendant is advised that the magistrate judge prepares a Report and Recommendation on suppression issues for the trial judge's review. The parties are given the opportunity to file objections to the magistrate judge's Report and Recommendation. The trial judge then rules the

suppression issues.

In this case, defendant Goodrich has not presented the Court with any specific requests for suppression of evidence. Defendant has merely asked that "all evidence" be suppressed. The only reason given to support suppression is that a complaint was not filed prior to the issuance of a search warrant. As set forth above, a search warrant does not require the issuance of a complaint. Therefore, defendant's requests for suppression must be denied.

### III. CONCLUSION

For the reasons set forth above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying suppression as requested in defendant's pleadings (docs #382, #383, #389 and #390).

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                */s/ Sarah W. Hays*
                                                SARAH W. HAYS
                              UNITED STATES MAGISTRATE JUDGE